IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA LOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:23-cv-524-ECM |
| | ) | [WO] |
| HWASEUNG AUTOMOTIVE USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

## I.  INTRODUCTION

Plaintiff Pamela Lowry brings this action against her former employer, Defendant Hwaseung Automotive USA, LLC ("Defendant"), alleging that the Defendant violated the Americans with Disabilities Act as amended ("ADA"), 42 U.S.C. § 1201 *et seq*., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq*.  Now pending before the Court is the Defendant's motion to dismiss. (Doc. 14).  The motion is fully briefed and ripe for review.  Upon consideration of the briefing, and for the reasons that follow, the motion to dismiss is due to be GRANTED in part and DENIED in part.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (alteration in original) (citation omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.   Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56.   This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.   Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### III.  STATEMENT OF FACTS[1]

The Plaintiff was a Logistics Specialist for the Defendant from 2006 until 2022.  She has been "diagnosed with Crohn's Disease, cervical degenerative disc disease, cervical spondylosis and cervical spinal stenosis," all of which "substantially limit her major life activities." (Doc. 1 at 2, para. 8).   The Defendant was aware of these diagnoses "for a substantial period of time." (*Id.* at 3, para. 10).   Sometime before July 2021, a superior of

---

[1] The Court's recitation of the facts is based on the factual allegations of the complaint.  For purposes of ruling on the motion to dismiss, the Court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the Plaintiff. *See Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016).

the Plaintiff, Mr. Jange Or Ahn, began harassing the Plaintiff about her illnesses, including the comment "[w]e all have problems, what makes yours special?" (*Id.* at para. 11).

On July 13, 2021, the Plaintiff had a medical appointment. As she had done for previous medical appointments, she informed her direct supervisor, Mike Rose, that she would be gone during her lunch hour for the appointment and left without clocking out because employees were not required to clock out for lunch. The appointment took longer than expected and extended past her lunch hour. When Mr. Ahn called her to return to work, the Plaintiff complied and so was unable to complete her medical appointment. Because her medical appointment extended past her allotted hour for lunch, the Plaintiff spoke with a woman in payroll to adjust her timesheet so it would accurately reflect the number of hours she worked that day, and while it reflected the correct number of hours, "it did not show the correct times." (*Id.* at para. 16).

On July 26, 2021, the Plaintiff was given a final written warning for failing to inform her manager that she was leaving for her medical appointment and for turning in an incorrect timecard. After the issuance of the final written warning, the Plaintiff requested she be allowed to adjust her hours by working before or after her shift to make up time should any future medical appointments extend past her lunch hour rather than being required to use vacation time. To her knowledge, male employees are allowed to leave the workplace without using vacation time and were not reprimanded for doing so. The Defendant "denied this request and Mr. Ahn continued to harass [the Plaintiff] regarding her disabilities." (*Id.* at 4, para. 19). Subsequently, on December 10, 2021, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") for the disciplinary action on July 26, 2021 and the discriminatory treatment between male employees and herself. Two months later, on February 23, 2022, the Plaintiff involuntarily resigned "due to the stress and harassment." (*Id.* at para. 21). The HR director told the Plaintiff she would like her to stay and that she "needed to understand 'the Korean male chauvinistic' mentality." (*Id.*).

## IV. DISCUSSION

The Plaintiff brings five claims arising out of her prior employment with the Defendant: Counts One through Three allege disability discrimination and Counts Four and Five allege sex discrimination. The Plaintiff claims that the Defendant failed to make a reasonable accommodation (Count One), harassed her (Count Two), and retaliated against her (Count Three) in violation of the ADA. The Plaintiff further claims that the Defendant discriminated against her based on sex (Count Four) and retaliated against her (Count Five) in violation of Title VII. The Defendant argues that the Plaintiff's complaint is due to be dismissed for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.

The Court will begin with an exhaustion of administrative remedies analysis for each count.

### A. Exhaustion of Administrative Remedies

In the Eleventh Circuit, "[a]n employee making a discrimination claim under the ADA [or under Title VII] must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC." *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (citation omitted); *see also Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277,

4

1279 (11th Cir. 2004).   The administrative charge requirement serves two important purposes: (1) "the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts," *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983), and (2) "giving the charged party notice of the claim and narrowing the issues for prompt adjudication." *Whitfield v. Northside Hosp.*, 2022 WL 19518163, at *9 (N.D. Ga. Sept. 6, 2022), *report and recommendation adopted*, 2023 WL 2950009 (N.D. Ga. Jan. 30, 2023).[2]   Subsequent "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Batson*, 897 F.3d at 1327 (quoting *Gregory*, 355 F.3d at 1279–80).   "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280.   Thus, "the proper inquiry . . . is whether [the plaintiff's] complaint [is] like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.*; *see also Nelson v. PMTD Restaurants, LLC*, 2013 WL 4045086, at *8 (M.D. Ala. Aug. 8, 2013) ("The allegations in the judicial complaint must be 'reasonably related' to the EEOC charge with no 'material differences' between the two." (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989))).

The Court finds instructive for its exhaustion analyses two cases in which the Eleventh Circuit held that even though the EEOC charge did not include a claim of

---

[2] Here, and elsewhere in this Opinion, the Court cites nonbinding authority.  While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

retaliation and the retaliation box on the EEOC charge form was not checked, the judicial claim for retaliation was "inextricably intertwined" with the claims in the EEOC charge. *See Gregory*, 355 F.3d at 1280–81; *Batson*, 897 F.3d at 1327–28.  In *Gregory*, the plaintiff filed an EEOC charge after she was terminated, alleging that she believed she was terminated because of her race and sex, but she did not check the retaliation box on the charge form. *Gregory*, 355 F.3d at 1280.  The plaintiff subsequently brought a judicial claim for retaliation, which the district court found was not administratively barred. *Id.* at 1278.  On appeal, the Eleventh Circuit affirmed the district court, explaining that "the EEOC presumably investigated, at least in some fashion, the possible reasons why [the plaintiff] was terminated," including retaliatory reasons for having complained of disparate treatment. *Id.* at 1280.  "The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination." *Id.*   In other words, "[a]n EEOC investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation." *Id.*   Thus, the retaliation claim was not administratively barred because the judicial claim grew out of the EEOC charge.

In *Batson*, the Eleventh Circuit reversed a district court's finding that the plaintiff's judicial claim of retaliation was administratively barred because the charge only included allegations of the defendant's failure to provide a reasonable accommodation. *Batson*, 897 F.3d at 1327.  The Eleventh Circuit explained that the plaintiff's "failure to accommodate claim [was] inextricably linked to her ADA retaliation claim, because her accommodation

request was the basis for [the defendant's] retaliation against her, and her termination, mentioned in the Charge, was the specific form the retaliation took." *Id.* at 1328. "Given this link" between the accommodation request, termination, and retaliation, the Eleventh Circuit reasoned that "an EEOC investigation of [the plaintiff's] failure to accommodate claim would have 'at least in some fashion' uncovered [the plaintiff's] retaliation claim." *Id.* (quoting *Gregory*, 355 F.3d at 1280). Thus, the plaintiff in *Batson* exhausted her administrative remedies.

Importantly, both *Gregory* and *Batson* emphasized that an EEOC charge should be read under the liberal strictures of *Sanchez*, which observed that "a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation.'" *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (quoting *King v. Ga. Power Co.*, 295 F. Supp. 943, 947 (N.D. Ga. 1968)).[3] To that end, courts in the Eleventh Circuit should be "extremely reluctant to allow procedural technicalities to bar claims" and "the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280 (citing *Sanchez*, 431 F.2d at 460–61, 465).

The Plaintiff did not attach her EEOC charge to her complaint, but the Defendant attached it to its motion to dismiss. (Doc. 14-1). Generally, at the motion to dismiss stage, a court should "limit its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc.*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

*v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, under the doctrine of incorporation by reference, a district court "may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (quoting *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)). The Plaintiff referred to the EEOC charge in her complaint, (doc. 1 at 2, para. 6), the charge is central to whether her claims are viable, and neither party has disputed its authenticity. Moreover, "[i]n discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading." *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013). Therefore, the Court will consider the EEOC charge without converting the motion to dismiss into a motion for summary judgment.

The Plaintiff contends that the Court should also consider her rebuttal statement, formatted as a letter to the EEOC, which she attached with her response brief to the motion to dismiss. (*See* doc. 20-1).  In the rebuttal statement, she "request[ed] that her original charge be amended." (*Id.*).  The Defendant argues that the Court should disregard the rebuttal letter because a plaintiff cannot amend her complaint through a response brief to a motion to dismiss, and the "letter would not impact the analysis of whether [the Plaintiff] satisfied administrative prerequisites because a letter from an attorney cannot serve as an amended EEOC charge." (Doc. 21 at 8).  Although the Plaintiff requested that the original charge be amended, there is no evidence that the EEOC granted her request.  This Court agrees with other courts which have reasoned that "letters sent to the EEOC cannot

constructively amend a formal charge." *See, e.g.*, *Ambus v. Autozoners, LLC*, 938 F. Supp. 2d 1225, 1230–31 (M.D. Ala. 2013) (collecting cases).  Further, the letter was not signed by the Plaintiff or verified. *See* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."); *see also Ambus*, 938 F. Supp. 2d at 1230 ("[The plaintiff's] July 2012 letter to the EEOC [] is not itself a charge because it was not verified, and there was no effort made to amend it to include a verification.").  The question then is whether this Court can nonetheless look to the rebuttal letter—which is not an amended charge, did not amend the charge, and was attached to the Plaintiff's response brief—for its exhaustion analyses.  The answer here is no.

Generally, "a party cannot amend a complaint by attaching documents to a response to a motion to dismiss." *Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (citing *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)).  Although there are circumstances where a Court may venture beyond the four corners of the complaint for an exhaustion analysis, the Plaintiff's rebuttal letter does not fall into one of those circumstances.[4] *See Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) (explaining that the district court, when deciding whether the plaintiff timely initiated an administrative review of her claim, "did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion" because its ruling was "based solely on exhaustion of administrative remedies and not on the merits of [plaintiff's] claims.").  The dispute here as to whether the Plaintiff properly put forth allegations at the

_____

[4] In her response, the Plaintiff did not explain why the Court should consider the rebuttal letter at the motion to dismiss stage.

administrative stage to support her judicial claim is analogous to *Green v. Elixir Indus., Inc.*, 152 F. App'x 838 (11th Cir. 2005). In *Green*, the Eleventh Circuit acknowledged that the plaintiff claimed he told an EEOC investigator about harassing conduct and provided paperwork as evidence, but the Court nonetheless stated that "there is no dispute concerning [the plaintiff's] EEOC charge form, which did not include facts concerning his hostile-environment claim" and ultimately affirmed the district court's grant of summary judgment for the defendant. *Green*, 152 F. App'x at 840 n.2. Similarly, here, the Plaintiff has provided extrinsic evidence, through her rebuttal statement, of claims allegedly not found in her EEOC charge to support her judicial claims. As a result, it "appears to this [C]ourt [] that it should not consider the content of the separate letter in evaluating whether the EEOC charge[] [was] adequate to exhaust" the Plaintiff's administrative remedies. *See Ambus*, 938 F. Supp. 2d at 1230; *see also Patterson v. WMW, Inc.*, 2012 WL 3261290, at *8 (N.D. Ga. June 15, 2012), *report and recommendation adopted*, 2012 WL 3260619 (N.D. Ga. Aug. 8, 2012) ("[T]he circumstances of this case do not support taking Plaintiff's Intake Questionnaire into account in determining whether she exhausted her sexual harassment claim."). Accordingly, "this [C]ourt must examine whether the claims could reasonably be expected to arise during the course of the EEOC investigation based on that which is stated in the verified EEOC" charge itself. *See Ambus*, 938 F. Supp. 2d at 1231.

### 1. Counts One and Four

In Count One, the Plaintiff alleges that the Defendant failed to reasonably accommodate her disability by not allowing her to "adjust her hours to come in early or stay late to make up any missed time" for her medical appointments, and instead required

her to use her vacation time. (Doc. 1 at 4, para. 19).  The Defendant argues that this claim should be dismissed for failure to exhaust administrative remedies because the Plaintiff did not mention a request for reasonable accommodation or a denial of a request for reasonable accommodation in her EEOC charge.

Although the Plaintiff does not mention an accommodation or a failure to accommodate in her EEOC charge, the Court nonetheless finds that the judicial claim reasonably arises from an investigation into the Plaintiff's EEOC charge.  The EEOC charge described allegedly discriminatory treatment regarding medical appointment leave, and the reasonable accommodation the Plaintiff references in her complaint concerns medical appointment leave.  Because of this link, an EEOC investigation of the Plaintiff's discrimination claim would have "at least in some fashion" uncovered the Plaintiff's failure to accommodate claim. *See Gregory*, 355 F.3d at 1280.  When the EEOC was investigating the charge's allegation that male employees neither have to specifically notify Mr. Ahn about leaving work nor use vacation time for their medical appointments, it is reasonable to infer that its investigation would have uncovered the Plaintiff's request for an accommodation to allow the Plaintiff to do the same.  Therefore, while the charge does not expressly mention a failure to accommodate, "the reasonable accommodation claim brought in [her] judicial complaint is properly tailored to the scope of the EEOC investigation which could reasonably be expected to grow out of [her] charge of discrimination." *See Kelly v. Wal-Mart Stores E., LP*, 2019 WL 1066065, at *5 (M.D. Ala. Feb. 15, 2019), *report and recommendation adopted*, 2019 WL 1061663 (M.D. Ala. Mar. 6, 2019).

Further, the cases cited by the Defendant, which are unpublished opinions finding that a failure to accommodate judicial claim is not reasonably related to discrimination claims in a plaintiff's EEOC charge because they are separate causes of action under the ADA, are not sufficiently persuasive to alter the Court's analysis under the Eleventh Circuit's binding precedent in *Gregory* and *Batson*.  Additionally, the fact that a failure to accommodate claim is a separate discrimination claim under the ADA is not dispositive because the Court in *Sanchez* explained that "the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation." *Sanchez*, 431 F.2d at 466.  Therefore, Count One is not administratively barred and the motion to dismiss on that basis is due to be denied.

In Count Four, the Plaintiff alleges that under Title VII the Defendant discriminated against her on the basis of sex because, unlike her male counterparts, the Plaintiff had to use vacation time for her medical appointments and was disciplined for failing to inform her manager that she was leaving work. (Doc. 1 at 8–9, para. 41).  The Defendant argues that the Plaintiff did not exhaust her administrative remedies for "all claims based on her use of flex time versus vacation time" because those claims were not included in the EEOC Charge. (Doc. 14 at 24).  The Court finds that, although the charge does not mention the alleged disparity between use of vacation time for medical appointments, the judicial allegation is "reasonably related" to the charge of alleged disparate treatment concerning medical leave protocol at the Defendant's company. *See Wu*, 863 F.2d at 1547.  Thus, the Plaintiff administratively exhausted her remedies prior to filing her judicial claim for Count Four.

### 2. Counts Two and Three

In Count Two, the Plaintiff alleges that the Defendant violated the ADA by harassing her about her disability. The harassment allegedly included a comment by the Plaintiff's supervisor about the Plaintiff believing she is "special," and requiring the Plaintiff to complete more steps for leave approval and use her vacation time for her medical appointments in contrast to her non-disabled and male co-workers.

As a preliminary matter, the parties do not cite, nor did the Court's research find any binding authority holding that a claim of harassment, also known as a hostile work environment claim, is actionable under the ADA. *See Gilliard v. Ga. Dep't of Corr.*, 500 F. App'x 860, 868–69 (11th Cir. 2012) ("We have not addressed the availability of a claim for a hostile work environment under either the ADA or the Rehab Act."). However, in an unpublished opinion, the Eleventh Circuit assumed that an ADA harassment claim exists. *Stewart v. Jones Util. and Contracting Co.*, 806 F. App'x 738, 741 (11th Cir. 2020) ("[W]e assume for purposes of this opinion that an ADA hostile-work-environment claim exists as well."). District courts within the Eleventh Circuit, including this district, have also assumed that a harassment claim is a viable cause of action under the ADA. *See, e.g.*, *Spivery v. Enter. City Bd. of Educ.*, 2019 WL 357983, at *6 (M.D. Ala. Jan. 29, 2019). Thus, for purposes of this motion, the Court will assume that a claim of harassment is a recognized cause of action under the ADA.

The EEOC charge centers on the disciplinary action, which highlighted the Plaintiff's alleged discriminatory treatment regarding medical appointment leave because of her sex and disability. The judicial claim alleges that requiring the Plaintiff to go through

more steps and use her vacation time for her medical appointments constituted harassment. The claim further alleges that the Defendant harassed the Plaintiff "regarding her disability, making comments about Plaintiff thinking she is 'special.'" [5] (Doc. 1 at 6, para. 30).

On this record, the Court finds that the Plaintiff has not exhausted her administrative remedies for her harassment claim. To start, the EEOC charge makes no mention of the alleged comment by Mr. Ahn, and no investigation into the charge would have reasonably uncovered this comment because it is unrelated to the facts stated in the charge. *See Edmonds v. Southwire Co.*, 58 F. Supp. 3d 1347, 1355 (N.D. Ga. 2014). Second, no reasonable investigation by the EEOC would encompass a harassment claim based on the alleged requirement that the Plaintiff must go through more steps and use her vacation time for medical appointment leave. Although those facts were alleged in the EEOC charge, they were framed as sex and disability discrimination—not harassment. *See Kelly*, 2019 WL 1066065, at *8 ("[T]he charge frames this as a reason for termination, not as harassment . . . . Accordingly . . . a hostile work environment claim does not fall within the scope of an EEOC investigation that can reasonably be expected to grow out of [the plaintiff's] charge."); *Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1278 (M.D. Ala. 2011) ("Third, nowhere does she allege any acts of harassment—as opposed to discrete instances of discrimination—based upon her disability."). It is unreasonable to expect that an investigation into the allegations in the Plaintiff's EEOC charge would uncover evidence of harassment, especially because the Plaintiff does not allege any other

---

[5] The Court does not credit the conclusory allegations of "harassment"; instead, the Court focuses its analysis on the specific factual allegations of harassment in the complaint.

acts of harassment in her charge and so there would be no impetus for the investigators to pursue that avenue of investigation.

Even under the liberal strictures of *Sanchez*, the civil action must still be "intimately related to the EEOC investigation," and the Court finds that Count Two fails to satisfy this standard. *See Sanchez*, 431 F.2d at 466. In Count One, the investigation would reasonably uncover the request for accommodation because it was a singular incident that was inextricably intertwined with the factual allegation in the EEOC charge of disparate medical leave treatment. There is a sufficient link between the factual allegation in the EEOC charge of disciplinary action over medical appointment leave and the allegation in the judicial complaint of failure to make a reasonable accommodation which the Plaintiff requested. Thus, an investigation would have reasonably uncovered the failure to make a reasonable accommodation claim. In Count Two, by contrast, no such link between charge and complaint exists because the Plaintiff is asking the Court to recharacterize (not link) her EEOC charge of sex and disability discrimination as including a claim for harassment. Thus, the Court finds that the Plaintiff's harassment claim does not fall within the "scope of the EEOC investigation which c[ould] reasonably be expected to grow out of the charge of discrimination" and is due to be dismissed. *See Gregory*, 355 F.3d at 1280.

The Plaintiff has a similar problem of attempted recharacterization in Count Three, where she alleges that in retaliation for engaging in a protected activity under the ADA by requesting a reasonable accommodation for her disabilities, the Defendant denied her a reasonable accommodation and made false accusations against her, "among other things." (Doc. 1 at 7, para. 36). Because the Court cannot discern any "false accusations" against

the Plaintiff in the factual allegations of the complaint,[6] the Court will not consider the "false accusation" allegation in its retaliation analysis, nor will it consider the conclusory allegation that the Defendant did "other things" that constituted retaliatory conduct. Consequently, for its exhaustion analysis, the Court will look to whether the Plaintiff's judicial allegation that the Defendant retaliated against her for engaging in the alleged protected activity of requesting an accommodation by denying that request is reasonably related to the factual allegations of the Plaintiff's EEOC charge.

The retaliation claim is administratively barred because the judicial claim that the denial of the accommodation request constituted retaliation does not grow out of the Plaintiff's EEOC charge. *See Gregory*, 355 F.3d at 1280.  While there is no mention of an alleged failure to accommodate in the charge, the Court determined in Count One that a reasonable EEOC investigation would uncover the Plaintiff's request for accommodation and the subsequent denial.  However, a reasonable investigator would have considered the denial of the accommodation request to be discriminatory conduct because the EEOC charge alleged disability discrimination, (*see* doc. 14-1 ("I was disciplined because of my . . . disability)), and denial of a reasonable accommodation more properly "forms the basis of a *discrimination* claim," not a retaliation claim. *See Williams-Evans v. Advance Auto Parts*, 843 F. App'x 144, 149 (11th Cir. 2021) (emphasis in original).  It would be unreasonable to expect the investigators to consider the Plaintiff's allegation of disability

---

[6] The Plaintiff explained in her response brief that the false accusation "was in reference to the allegation that she falsified her time," (doc. 20 at 9), but a plaintiff may not amend her complaint in a response brief to a motion to dismiss. *See EEOC v. Lab. Sols. of AL LLC*, 242 F. Supp. 3d 1267, 1284 (N.D. Ala. 2017) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.").

discrimination based on denial of an accommodation request to include a retaliation claim. Moreover, the charge included no mention of retaliation and the retaliation box is not "checked." *Cf. Ramsey v. Greenbuch Logistics, Inc.*, 2017 WL 6492608, at *4 (N.D. Ala. Dec. 19, 2017) (finding at the motion to dismiss stage that the plaintiff had exhausted her administrative remedies for a retaliation claim, even though the charge focused on a failure to accommodate, because the plaintiff "checked" the retaliation box and stated "I believe I have been retaliated and discriminated against"). While *Gregory* and *Batson* established that a lack of checkmark in the charge form's retaliation box does not foreclose a judicial retaliation claim, in those cases both plaintiffs claimed retaliation because they were terminated. Specifically, in *Batson*, the plaintiff alleged in her charge that her accommodation request was denied, but she argued that the termination "was the specific form the retaliation took" for her accommodation request, not the denial of the request. *Batson*, 897 F.3d at 1328. The Eleventh Circuit consequently held that because of the link between the accommodation request and *termination*, a reasonable EEOC investigation would have uncovered the plaintiff's retaliation claim. *Id.* Here, in contrast, the Plaintiff alleges in her judicial complaint that the link between her accommodation request and the Defendant's denial thereof constituted retaliation. Like in Count Two, the Plaintiff is trying to recharacterize her allegations of discrimination in her EEOC charge as a retaliation claim despite a lack of factual allegations of retaliation in her charge, and the Court is similarly unpersuaded. Thus, the retaliation claim in Count Three is administratively barred, and the motion to dismiss on that basis is due to be granted.

### 3.  Count Five

The Plaintiff alleges that she "engaged in a protected activity under Title VII by opposing and reporting the unlawful practice of sex-based discrimination and by participating in protected activity under that statute," (doc. 1 at 9, para. 46), and as a result, the Defendant retaliated against her, "causing her to suffer adverse employment actions including issuing a final written warning," (*id.* at para. 47).  In her response brief, the Plaintiff explained that the protected activity she engaged in was filing a charge of discrimination with the EEOC. (Doc. 20 at 11).  She "contends that the allegation [in her response brief] when read in context with Complaint as a whole meets the pleading requirements of Rule 8, [FED. R. CIV. P.] and that Count Five is due to stand." (*Id.*).  However, a plaintiff cannot amend her complaint through a brief in opposition to a motion to dismiss. *McKally v. Perez*, 87 F. Supp. 1310, 1317 (S.D. Fla. 2015).  Disregarding the explanation in the response brief leaves the Court with insufficient allegations to support the Plaintiff's claim.  Accordingly, Count Five is due to be dismissed.

### B.    Count One: Failure to Accommodate Allegations

The Defendant makes two arguments as to why the Plaintiff failed to state an accommodation claim.  First, the Defendant argues that the Plaintiff did not allege sufficient facts to show that she made a specific demand for an accommodation, as required in the Eleventh Circuit. *See Avena v. Imperial Salon & Spa*, 740 F. App'x 679, 682 (11th Cir. 2018) (holding that a plaintiff is required to allege that she had made a specific request for accommodation).  However, the Plaintiff alleges in paragraph 19 of her complaint that "she *specifically requested* that she not be required to use vacation time for her upcoming

appointments, but instead be allowed to adjust her hours to come in early or stay late to make up any missed time." (Doc. 1 at 4; para. 19 (emphasis added)).  Thus, the Plaintiff adequately alleged sufficient facts to show that she made a specific demand for an accommodation.

Second, the Defendant argues that the Plaintiff "does not allege she requested a reasonable accommodation for her disability that would have allowed her to perform essential functions of her job." (Doc. 14 at 16).  "An accommodation is 'reasonable' and necessary under the ADA . . . only if it enables the employee to perform the essential functions of the job." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007).  At this stage of the litigation, the Court declines to resolve the issue of whether the requested accommodation would permit the Plaintiff to perform the essential functions of her job because "[d]etermining whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis," *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001), and requires the examination of "a number of factors," *Lewis v. City of Union City*, 934 F.3d 1169, 1182 (11th Cir. 2019) (quoting *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1230 (11th Cir. 2005)).  Thus, this inquiry is better suited for summary judgment.

Accordingly, accepting the allegations as true and construing all inferences in the Plaintiffs favor, she has alleged sufficient facts for Count One to survive a motion to dismiss from both a procedural and substantive standpoint.

C.      **Count Four: Sex Discrimination Allegations**

The Defendant argues that the "Plaintiff does not allege the 'disciplinary' action had any tangible job consequence," later referencing the "serious and material change" to the job consequences standard of the Eleventh Circuit. (Doc. 14 at 24–25).  On April 17, 2024, the United States Supreme Court held that "[a]lthough an employee must show some harm from a forced transfer to prevail in a Title VII suit, she need not show that the injury satisfies a significance test.  Title VII's text nowhere establishes that high bar." *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 972 (U.S. Apr. 17, 2024).[7]  The Supreme Court explained that "this decision changes the legal standard used in any circuit that has previously required 'significant,' 'material,' or 'serious' injury.  It lowers the bar Title VII plaintiffs must meet." *Id.* at 975 n.2.   A plaintiff need only show "some injury respecting her employment terms or conditions." *Id.* at 977.

Under this new framework, the Court examines the Plaintiff's allegations and finds them sufficient to survive a motion to dismiss.  The Plaintiff alleged that she had to use vacation time for her medical appointments, unlike her male counterparts.  At this stage, it is reasonable to infer that such action affected the terms and conditions of her employment because vacation time is presumably a finite resource.  It is also reasonable to infer that being forced to use vacation time on medical appointments prevented the Plaintiff from

---

[7] Although the Supreme Court mentioned forced transfers, this Court finds that the Supreme Court's conclusion, in light of its reasoning, applies to other discriminatory acts alleged under § 2000e-2(a)(1). *See Staple v. Sch. Bd. of Broward Cnty.*, 2024 WL 3263357, at *4 (11th Cir. July 2, 2024) (applying *Muldrow* to a Title VII religious accommodations claim and concluding that the plaintiff satisfied the *Muldrow* standard "by alleging that the school board denied him a reasonable accommodation and forced him to use his paid leave to meet his religious observance").

using it for vacations—its intended purpose.  And as a finite resource, it will run out, forcing the Plaintiff to choose between medical appointments she must attend for her disability and her job.  According to the Plaintiff, this decision is one her male co-workers do not have to make.  Further, the Plaintiff alleges she was disciplined with a final written warning for actions her male counterparts undertake with no repercussions:  leaving work for medical appointments without informing the manager.  The Defendant's disciplinary system is unknown to the Court at this stage, so the Court cannot say how *exactly* a final written warning impacted the Plaintiff's "compensation, terms, conditions, or privileges of employment." *See* 42 U.S.C. § 2000e-2(a)(1).  But the Plaintiff's claim that she was disciplined for the same actions her male counterparts engaged in without repercussion sufficiently alleges discrimination based on sex which, in some capacity, altered the terms, conditions, or privileges of her employment. *Cf. Staple*, 2024 WL 3263357, at *4.  Thus, substantively, Count Four survives the Defendant's motion to dismiss.

Because Count Four is both procedurally and substantively sufficient at this stage, the motion to dismiss Count Four is due to be denied.

## D.   Leave to Amend Complaint

In response to the Defendant's motion to dismiss, the Plaintiff asked for leave to amend their complaint "should this court disagree that Plaintiff has made sufficient factual allegations to withstand Defendant's motion." (Doc. 20 at 12).

"Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the court dismisses the action with prejudice.'" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.

21

2001) (citation omitted).  Here, the Court found that the Plaintiff did not plead sufficient factual allegations as to Count Five.  The Court observes, however, that requests to amend pleadings should be made by motion. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) ("Filing a motion is the proper method to request leave to amend a complaint.").  Moreover, under the Middle District of Alabama's local rules, the proposed amended pleading must be attached to the motion to amend. *See* M.D. Ala. L.R. 15.1.  The Court does not condone the practice of requesting leave to amend in a response brief, as opposed to filing a motion with the proposed amendment attached.  Nonetheless, the Court in its discretion will allow the Plaintiff an opportunity to amend her complaint to plead additional facts as to Count Five, if she chooses to do so.  Counts Two and Three may not be repleaded because they are administratively barred.

## V.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's motion to dismiss (doc. 14) is GRANTED as to Counts Two, Three, and Five, and DENIED as to Counts One and Four.  It is further

ORDERED that **on or before September 27, 2024**, the Plaintiff may, if she chooses to do so, file an amended complaint which does not incorporate by reference her prior complaint, which complies with the Federal Rules of Civil Procedure, and which is consistent with this Memorandum Opinion and Order.

DONE this 13th day of September 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

22